No. 82-209

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

PETAR B. DAMJANOVICH,

Plaintiff and Appellant,

vs.

WESTERN FIRE INSURANCE COMPANY,

Defendant and Respondent.

---

Appeal from: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone
Honorable William J. Speare, Judge presiding

Counsel of Record·

For Appellant:

Lee Overfelt argued, Billings, Montana
Stephens and Cole, Billings, Montana

For Respondent:

Anderson, Brown, Gerbase, Cebull & Jones, Billings, Montana
Steve Harman argued, Billings, Montana

---

Submitted: March 24, 1983

Decided: June 30, 1983

Filed: JUN 30 1983

Ethel m. Harrison
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Petar B. Damjanovich was involved in a collision with a parked car. Because the owner of the parked car was uninsured, Damjanovich brought suit against his insurance company to recover uninsured motorist benefits under his insurance policy. A jury in the Thirteenth Judicial District, Yellowstone County, found that Damjanovich's negligence was greater than that of the owner of the parked vehicle. The District Court entered judgment for the defendant insurance company based on the jury verdict. Damjanovich appeals. We reverse and remand for a new trial.

On October 4, 1978, Jack Light was traveling eastbound on I-94, a part of the interstate system, toward Ballentine, Montana, in his 1974 Ford Galaxy. Between 5:15 and 5:30 p.m., his car suddenly stopped running and he coasted to the right side of the highway. Light left the car, then returned with a mechanic who determined the problem to be bad points. They decided to leave the vehicle parked on the highway overnight with plans to return the next day to repair the car. The interstate highway in this case is one composed of two paved strips, one each for eastbound and westbound traffic separated by a medium strip. Each westbound and eastbound strip is divided into two main lanes for traffic. On the righthand side of one's direction of travel, a parking or emergency lane is also provided, separated from the right driving lane by a solid painted line.

Damjanovich was driving his automobile eastbound on the interstate highway at approximately 3:00 a.m. on October 5, 1978, when his car collided with the parked Light vehicle.

There are several disputes in the evidence. The defendant claimed that the Light vehicle was parked entirely within the emergency lane on the righthand side of the highway. Damjanovich claims that a portion of the Light vehicle protruded into the main traveled portion of the traffic lane in which he was driving eastbound. Damjanovich testified that as he approached the parked vehicle, which he did not see, he was blinded by oncoming lights and thus drifted into the emergency lane where the collision with the parked vehicle occurred. There was dispute in the evidence as to whether he had claimed such events following the accident. It appears uncontradicted in the evidence that the parked vehicle had been left unlighted and without warnings posted around it of its presence in the emergency lane.

At trial, the District Court instructed the jury in effect that it is negligence as a matter of law under Montana statutes to drive a motor vehicle in the emergency lane. Damjanovich contended that such an instruction should be tempered with an instruction on the emergency rule. The issue presented to this Court by Damjanovich is whether the District Court erred in instructing the jury on negligence per se without also instructing it on the doctrine of sudden emergency.

With respect to the operation of his car by Damjanovich, the court gave the jury the following instructions:

INSTRUCTION NO. 16

"You are instructed that interstate highway no. 94 is a controlled-access highway. A statute in the State of Montana, section 61-8-331(2)(a) and (c), MCA, states, in pertinent part, as follows:

"'(2) On any controlled access highway or facility, it is unlawful for any person to:

"'"(a) drive a vehicle over, upon or across any curb, central dividing section, or other separation or dividing lines;

". . .

"'"(c) drive any vehicle except in the proper lane, in the proper direction, and to the right of the central dividing curb, separation, section or line;"'

INSTRUCTION NO. 17

"If you find from the evidence that the plaintiff, Petar Damjanovich conducted himself in violation of the law just read to you, you are instructed that such conduct was negligence as a matter of law.

"However, in this action, a violation of law is of no consequence unless it was a proximate cause of an injury found by you to be suffered by the plaintiff."

Counsel for Damjanovich objected to instructions no. 16 and 17 upon the grounds that they imposed an absolute duty upon all operators of motor vehicles on limited access highways to stay strictly within their lanes of travel and that in the absence of a sudden peril instruction it was tantamount to a direct instruction to the jury to find Petar Damjanovich guilty of negligence. In connection with his objection to instruction no. 16 and 17, Damjanovich's counsel offered instructions respecting sudden emergency, all of which were by the court denied.

Damjanovich's argument on appeal is that the lights of an oncoming car blinded him and placed him in peril and that he so testified. Therefore, he contends he was entitled to sudden peril instructions which would mitigate the mandatory effect of instructions 16 and 17.

The defendant insurance company on the other hand contends that under Eslinger v. Ringsby Truck Lines, Inc. (1981), _____ Mont. ____, 636 P.2d 254, 38 St.Rep. 1863, Damjanovich was not entitled to the sudden emergency

- 4 -

instructions because the evidence was not sufficient to support a finding that the claimed emergency actually or apparently existed. The defendant contends that it was questionable whether an emergency actually or apparently existed; that Damjanovich had no other witnesses to testify to the alleged emergency; that he did not mention the alleged emergency immediately until several days after the accident; and that there was no physical evidence of evasive action taken by Damjanovich.

Ordinarily, it is the duty of this Court to regard the evidence in the District Court trial in the light most favorable to the prevailing party. Since, however, the sudden emergency issue was not submitted by instructions to the jury, we are not ~~permitted here to determine~~ _bound by any jury determination on the_ the ~~emergency issue, since this Court may not judge the facts~~ _result, and may judge the legal effect of failure to submit that issue on the record before us._ ~~independently of the jury.~~

We do not regard this case as one in which a sudden emergency instruction should have been given. Eslinger, supra. Rather we find that the objections of Damjanovich to the negligence per se instructions applying to him should have been regarded by the District Court.

Under the facts of this case, Damjanovich was driving on or over at least a portion of the emergency lane when his vehicle collided with the parked vehicle. When the jury applied instructions no. 16 and 17 to that fact, it was mandated by the District Court to find (1) such driving was negligent as a matter of law, and (2) such driving was a proximate cause of plaintiff's injuries. No room was given to the jury under those instructions to determine if driving in the emergency lane by Damjanovich was something a person using ordinary care in the circumstances might have been

doing. The instructions were severely limited. If Damjanovich was in the emergency lane, and the collision resulted from that, then Damjanovich was negligent as a matter of law. In effect, Damjanovich was instructed out of court, based on the fact that the collision occurred in the emergency lane without any consideration given to whether a reasonably prudent person in the same circumstances might also have been driving in the emergency lane.

This is the first occasion for this Court to consider the effect of a motorist driving over and into that portion of an interstate highway known generally as the emergency lane. Certainly the statute given to the jury in this case with respect to a motorists' duty, section 61-8-331(2), MCA, is imprecise. The statute does not, by its terms, cover the case of a motorist entering over or upon the emergency lane of interstate highways in this state. The thrust of the statute is to forbid the crossing-over by vehicles into the driving lanes reserved for opposite-direction traffic. We hold that the language of the statutes set out in instruction No. 16, supra, does not apply to vehicles which may occasionally be driven over or into the emergency lane of an interstate highway. To rule otherwise would be contra to our common experience in the use of interstate highways. Drivers frequently veer to the right over and upon the emergency lane to avoid snow or slush being thrown by overtaking traffic; to avoid blocking the traffic lanes when circumstances require a vehicle to proceed more slowly than the normal speed of traffic in those lanes (see Section 61-8-321(2), MCA), or to bring a vehicle to a stop to stretch or change drivers. Surely none of these examples should be considered violations of Section 61-8-331, MCA and, thus, negligence as a matter of

law.  No state statute that we can find, including Section 61-8-331, MCA, forbids the use of emergency lanes by drivers with specificity.

Application of Section 61-8-331, MCA to Damjanovich, in this case, negates, in effect, the continuing negligence of Jack Light who left his unlighted car in the dark on the highway.  Ashley v. Safeway Stores, Inc., (1935) 100 Mont. 312, 47 P.2d 53; Section 61-9-214, MCA.

In our view, this cause should have been submitted to the jury with respect to the operation of the vehicle by Damjanovich under the ordinary rules relating to negligence. A proper instruction, suitable for this case, would have stated in substance:

> You are instructed that a person who drives a motor vehicle into or upon the emergency lane of the interstate highway when a reasonably prudent person using ordinary care would not do so, is negligent.  Conversely, if a person drives a motor vehicle into or upon the emergency lane of an interstate highway and a reasonably prudent person would ordinarily have done the same under the circumstances of the situation, then you may not find the person negligent because of such driving.

Because of the instructional error, we reverse the District Court judgment and remand for a new trial.

John C. Sheehy
_____
Justice

We concur:

John Conway Harrison

Daniel J. Shea

Fred J. Weber

L. C. Gulbrandson

_____
Justices

- 7 -

Mr. Chief Justice Frank I. Haswell, dissenting:

The majority find that Jury Instruction Nos. 16 and 17 require the jury to find that Damjanovich was negligent as a matter of law for driving in the emergency lane and such driving was the proximate cause of his injuries. In effect, the majority conclude that Damjanovich was instructed out of court based on the fact that the collision occurred in the emergency lane without any consideration given to whether a reasonably prudent person in the same circumstances might also have been driving in the emergency lane. The majority conclude by holding that driving in the emergency lane is not unlawful; hence, reverse and remand the case for a new trial because the jury was instructed that such action is unlawful.

I would affirm because (1) it is unlawful to drive in the emergency lane under the facts of this case, and (2) the jury was properly instructed.

The facts of this accident must be noted to place the case in context. Defendant was driving in the emergency lane and rear-ended a parked car.

Driving in the emergency lane is unlawful--thus, negligence per se. However, liability will attach only if such unlawful act is the proximate cause of some injury.

Instruction No. 16 is section 61-8-331(2)(a) and (c), MCA. These statutory sections prescribe that on a controlled access highway, no driver shall cross any curb, central dividing section or other dividing line. It further provides that vehicles must be driven in the proper lane, in the proper direction and to the right of the central dividing line. Also, section 61-1-206, MCA, defines a roadway as any

portion of a highway used for vehicular travel excluding the shoulder or the berm. The plain meaning of the above statutory sections mandates that one must drive only in the proper lane of travel and the emergency lane is not the proper lane of travel. Damjanovich's actions were unlawful and the jury determined they were the proximate cause of his injuries.

Damjanovich's actions could be excused by the sudden emergency doctrine. However, the lower court refused the instructions. The Eslinger opinion established certain findings that must be made before a sudden emergency doctrine instruction is given. Under the facts of this case, these requisite findings could not be made. It is very questionable that an emergency actually or apparently existed. Appellant has no other witnesses to testify to the alleged emergency. The appellant's testimony is the only evidence of the potential disaster. Second, appellant did not mention the alleged emergency until several days after the accident. Third, there was no physical evidence of evasive action taken by the appellant. Finally, there was testimony that the appellant was aware of the parked car; thus, he should have anticipated it. The evidence is simply insufficient to support a finding that an emergency existed.

Furthermore, the jury was properly instructed with respect to Damjanovich's case. First of all, the jury was instructed that if Damjanovich's actions were negligence per se, such negligence was of no consequence unless it was the proximate cause of some injury. The jury found the negligence and the requisite proximate cause. Second, evidence was presented, and the jury was instructed on possible

statutory violations by Light and Damjanovich. The jury weighed the evidence, applied the law and, under the doctrine of comparative negligence, concluded that the negligence of Damjanovich was far greater than that of Light. This Court should not disturb that finding.

I would, however, agree with the majority that there are certain situations that would require driving in the emergency lane and under such circumstances such action would not constitute negligence per se. For example, drivers must often swerve to the right or drive a temporarily disabled vehicle in the emergency lane to avoid traffic impediment. However, this case is not one of these emergency situations.

For the foregoing reasons I would affirm the jury verdict and the District Court's judgment entered thereon.

_____
Chief Justice

Mr. Justice L. C. Gulbrandson:

I concur in the foregoing dissent of Mr. Chief Justice Haswell.

_____
Justice

-10-